IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-WRW |
| | : | 4:05CV01066-WRW |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| | : | |
| | : | |
| PHYLLIS VESS and CLOVIS VESS | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| WYETH, INC., et. al. | : | DEFENDANTS |

ORDER

Pending is Plaintiffs' Motion to Dismiss Lawsuit (Doc. No. 8).[1]

## I.    BACKGROUND

Plaintiffs, Arkansas residents, were originally part of a multi-plaintiff complaint that was

filed in the Western District of Arkansas on January 26, 2005.  The case was transferred on

April 25, 2005, to this Court as part of MDL-1507.[2]  On June 15, 2005, the multi-plaintiff

complaint was severed, and Plaintiffs were directed to file an individual complaint.  In

compliance with the severance order, Plaintiffs filed the individual complaint in the Eastern

District of Arkansas on August 2, 2005.[3]  On February 22, 2006, Plaintiffs filed a second,

essentially identical, complaint in the District Court of Minnesota;[4] the case was transferred by

---

[1]Doc. Nos. 10, 11.

[2]*Adkisson, et al v. Wyeth, et. al.*, No. 4:05-CV-00636-WRW (E.D. Ark. April 25, 2005).

[3]*Vess, et al  v. Wyeth, et. al.*, No. 4:05-CV-01066-WRW (E.D. Ark. August 2, 2005).

[4]*Vess, et. al. v. Wyeth, et. al.*, No. 0:06-CV-00689 (D. Minn. Feb. 22, 2006).

the JPML to the Eastern District of Arkansas on May 5, 2006.[5]  On June 27, 2008, Plaintiffs filed

a *third*, essential identical, complaint -- again, in the District Court of Minnesota;[6] the case was

transferred by the JPML to the Eastern District of Arkansas on September 11, 2008.[7]

Plaintiffs now seek to dismiss the Arkansas case and proceed with the  February 22,

2006, Minnesota case.

## II.    DISCUSSION

In other cases arising from the *Adkisson* case, Defendants asserted that the plaintiffs'

motion should be denied because such a dismissal (that would allow Plaintiff to proceed with the

later-filed case in Minnesota) would deprive Defendant of its statute of limitations defense.[8]

Deciding a motion to voluntarily dismiss under Rule 41(a)(2) rests within "the sound

discretion" of the Court.[9]  However, one of the factors a court must consider when ruling on a

motion for voluntary dismissal under Rul 41(a)(2) is "whether dismissal will prejudice

defendants."[10]  According to the Eighth Circuit, it would be an abuse of discretion "to find no

legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has

demonstrated a valid statute of limitations defense to the claims sought to be dismissed."[11]

Plaintiffs contend that Defendants have not presented such a defense.  I disagree.

---

[5]*Vess, et al v. Wyeth, et al.*, No. 4:06-CV-00525-WRW (E.D. Ark. May 5, 2006).

[6]*Vess , et al  v. Wyeth, et al.*, No. 0:08-CV-03598-WRW (D. Minn. June 27, 2008).

[7]*Vess, et al v. Wyeth, et al.*, No. 4:08-CV-02340-WRW (E.D. Ark. Sept. 11, 2008).

[8]See *Rachel v. Wyeth, et al*, 4:05-CV-01056 (E.D. Ark. July 29, 2005) (Doc. No. 10).

[9]*Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998).

[10]*Hamm v. Rhone-Poulenc Rorer Pharm, Inc*., 187 F.3d 941, 950 (8th Cir. 1999).

[11]*Metropolitan Fed. Bank of Iowa v. W.R. Grace & Co.*, 999 F.2d 1257, 1263 (8th Cir. 1993).

In other cases arising from the *Adkisson* case, Plaintiffs' counsel asserted that to amount to legal prejudice, Defendants are required to present a statute of limitations defense that is "proven, valid" and "clear beyond a doubt."[12]   Plaintiffs over-egg the puddin'.  The Eighth Circuit requires only that the statute of limitations defense be valid, not absolute -- whether or not Defendants are ultimately successful on the defense is of no consequence at this point.  In other cases arising from the *Adkisson* case, the plaintiffs' briefs supported the legitimacy of Defendants' statute of limitations defense in this case.  The plaintiffs claimed that "if maintained in this state, [plaintiffs' claims] could have been deemed barred" by the statute of limitations.[13] Here, permitting Plaintiffs to voluntarily dismiss this case to avoid a valid statute of limitations defense while pursuing identical claims against the same Defendants in another federal court, with a possibly longer statute of limitations, would prejudice Defendants.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Dismiss Lawsuit (Doc. No. 8) is DENIED.

IT IS SO ORDERED this 22nd day of December, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12]See *Rachel v. Wyeth, et al*, 4:05-CV-01056 (E.D. Ark. July 29, 2005) (Doc. No. 11).

[13]*Id.* at Doc. No. 9.